IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christine Woodward, | C. A. No. 2:09-2933-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Christine Woodward, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits and supplemental security income benefits on March 16, 2006, alleging that she became unable to work on April 11, 2004, due to obesity, chronic obstructive pulmonary disease (COPD), and non-insulin dependent diabetes mellitus with neuropathy. The

applications were denied initially and on reconsideration by the Social Security Administration. On May 5, 2007, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney and Mary Cornelius, vocational expert (Tr. 23-47), considered the case de novo, and July 9, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 9-22). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on September 25, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged substantial gainful activity since April 11, 2004, the alleged onset date (20 CFR 404.1571 et. seq., and 416.971 et. seq.).
>
> 3. The claimant has the following severe impairments: obesity, chronic obstructive pulmonary disease (COPD), and non-insulin dependent diabetes mellitus with neuropathy (20 CFR 404.1520(c) and 416.920(c)). ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926). ...

2

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following restrictions: lifting and/or carrying no more than 10 pounds occasionally and less than 10 pounds frequently; sitting a total of 6 hours in an 8-hour workday; standing and/or walking a total of 2 hours in an 8-hour workday; no pushing/pulling of foot pedals; occasionally climbing ramps and stairs; no climbing of ropes, ladders or scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; avoiding exposure to heights and moving machinery due to potential day time somnolence; avoiding exposure to extreme temperatures or extreme humidity; and avoiding exposure to dust, fumes and chemicals. ...

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...

7. The claimant was born on June 19, 1966, and was 37 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has a limited educational and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, and 416.969a). ...

11. The claimant has not been under a disability, as defined in the Social Security Act, from April

11, 2004, through the date of this decision (20
CFR 404.1520(g) and 416.920(g).

Tr. 11-21.

### ARGUMENTS PRESENTED

The plaintiff presented the following arguments by brief:

> 1. The administrative law judge did not explain his findings regarding Woodward's residual functional capacity, as required by Social Security Ruling 96-8p.
>
> 2. The administrative law judge failed to consider all of Woodward's restrictions that are supported by the medical record, such as her need to elevate her feet, and her hand function restrictions.
>
> 3. The administrative law judge hypothetical question to the vocational expert did not reflect all the restrictions in the actual residual functional capacity found by the administrative law judge.
>
> 4. The administrative law judge failed to correctly assess Woodward's credibility and subjective allegations of chronic pain.

### STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as

4

adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. <u>Shivey v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); <u>Hall v.</u>

Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

## Requirement of RFC findings

Plaintiff asserts his RFC assessment is conclusory and does not contain sufficient rationale or reference to the supporting evidence, as required by SSR 96-8p. Social Security Ruling 96-8p requires that the RFC assessment, "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." This ruling further provides:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p.

The administrative law judge is also required to include in his RFC assessment, "a discussion of why reported symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." Id.

### Credibility of Symptoms Including Pain

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.
> The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

SSR 96-7p.

Further, with regard to pain, the administrative law judge is obligated to follow a two step process:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. The finding that an individual's impairment(s) could reasonably be expected to produce the individual's pain or other symptoms does not involve a determination as to the intensity, persistence, or functionally limiting effects of the individual's symptoms. If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. This

>       requirement for a finding on the credibility of
>       the individual's statements about symptoms and
>       their effects is reflected in 20 CFR
>       404.1529(c)(4) and 416.929(c)(4). These provisions
>       of the regulations provide that an individual's
>       symptoms, including pain, will be determined to
>       diminish the individual's capacity for basic work
>       activities to the extent that the individual's
>       alleged functional limitations and restrictions
>       due to symptoms can reasonably be accepted as
>       consistent with the objective medical evidence and
>       other evidence in the case record.

SSR 96-7p.

## DISCUSSION

It is recommended that this action be remanded to the Commissioner to fully evaluate the plaintiff's complaints of pain and credibility as well as to review the plaintiff's functional capacity, functional limitations, and the testimony of the vocational expert in a manner consistent with Social Security regulations and rulings.

In the matter currently before the court, the administrative law judge recited the appropriate regulations and rulings, but unfortunately he did not apply them. Instead he dismissed the plaintiff's complaints with apparently inconsistent, or at least unclear, findings and without providing the proper evaluation required by the regulations and rulings.

First, while the administrative law judge does not elaborate on which symptoms he is referring to, he wrote, "I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. . ." (Tr. 15). The

evidence recited in conjunction with the finding included complaints that the plaintiff "was not able to stand long without being in pain,", "could not sit stand or walk very long without being in pain," and "feet and hands would cramp up or go numb and cause pain a couple of times a day." (Tr. 14). Although the administrative law judge describes some unspecified complaints as unsupported by medical evidence, he goes on to recite without disapproval evidence that neuropathy causes her legs to go numb and burn and evidence that the plaintiff's son and his girlfriend stay with the plaintiff all day because she falls. Tr. 15.

The administrative law judge does not enumerate the specific impairments or symptoms he concluded could reasonably be expected to be caused by the claimant's medically determinable impairments.

Next on Tr. 18 the administrative law judge wrote, "The medical evidence in this case does not reveal significant objective medical evidence of 'severe' impairments reasonably expected to cause the pain the plaintiff alleges she suffers. The claimant's alleged pain is disproportionate to the medical evidence of record. "(Tr. 18).

As noted above SSR 96-7p directs that once underlying physical or mental impairments that could reasonably be expected to produce the individual's pain or other symptoms has been

shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. Whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. Here, however, the administrative law judge provided inconsistent findings and then relied purely on the medical evidence as the bench mark for determining the plaintiff's credibility. (Tr. 18). Indeed his opinion concerning symptoms including pain and the plaintiff's credibility consists largely of a recitation of the evidence followed by unreasoned and inconsistent conclusions.

This deficiency in evaluating the plaintiff's complaints of pain and credibility infects the entire opinion including the findings regarding residual functional capacity, review of the plaintiff's functional limitations, and the testimony of the vocational expert.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's

11

decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court should reverse the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remand the case to the Commissioner to take appropriate action. <u>See</u>, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

> Respectfully Submitted,
>
> *Robert S. Carr*
> Robert S. Carr
> United States Magistrate Judge

Charleston, South Carolina,

October 29, 2010

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).